**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

ANDRE BURKETT,

Plaintiff,

v. Case No. 08-CV-677

MARY SOBECKI, and WISCONSIN DEPARTMENT OF CORRECTIONS,

Defendants.

---

# ORDER

On August 8, 2008, *pro se* plaintiff Andre Burkett ("Burkett") filed a complaint against defendants Mary Sobecki and the Wisconsin Department of Corrections, alleging violations of Burkett's constitutional rights arising from his incarceration following an alleged violation of his parole. Burkett now files a motion to amend his complaint, a motion for an extension of time to complete discovery and file dispositive motions, and a motion for the appointment of counsel under 28 U.S.C. § 1915(e)(1). The court will address each motion in turn.

## I. Motion to File Amended Complaint

Burkett seeks leave of the court to amend his complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). Rule 15 allows a plaintiff to amend his or her complaint after the defendant files a responsive pleading if the defendant provides written consent or if the court grants leave to amend. *See* Fed. R. Civ. P. 15(a)(2). The court should grant such leave "when justice so requires." *Id*. Further, Rule 15 reflects a "liberal attitude" towards amendment of the complaint. *See Campania*

*Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 848-49 (7th Cir. 2002). Leave to amend should be freely granted in the absence of any "apparent or declared reason." *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). The liberal application of Rule 15 is based on the federal rule policy of deciding cases on the merits. *See id*.

The defendants filed an answer to Burkett's motion more than three months ago, on October 10, 2008. However, the action remains in its early stages and the defendants have not opposed Burkett's motion to amend. Further, the amended complaint does not prejudice the defendants, but rather represents a more concise and coherent pleading. The court also finds that a liberal construction should be given to the rule in this case because of Burkett's *pro se* status. Therefore, the court will grant Burkett's motion to amend his complaint. No further amendments will be allowed.

## II. Motion for an Extension of Time

Burkett seeks an extension of time to complete discovery and to file dispositive motions. Under the current scheduling order, the deadline for discovery passed on January 28, 2009, and the deadline for filing dispositive motions is set for February 27, 2009. Burkett seeks an extension of these deadlines to April 28, 2009, and May 28, 2009. As a basis for his request, Burkett cites his mental disability, his lack of counsel, and institutional policies at his correctional facility. Specifically, Burkett asserts that the correctional institution where he is incarcerated severely limits access to computers and electronic legal databases, preventing him from complying

with the current deadlines. Further, a newly-implemented institutional policy prevents a prisoner from constructing pleadings or copying documents captioned with a different prisoner's name. Thus, the policy greatly impedes the assistance he previously received from another prisoner, hinders his ability to prosecute the lawsuit, and creates a need for an extension of time.

The court will grant Burkett's request for an extension. Undoubtedly, institutional rules and policies present difficulties to Burkett's prosecution of his action. However, Burkett is not unfairly prejudiced in his access to or use of the federal court system. Indeed, the difficulties he describes in pursuing the instant lawsuit are the direct result of his own criminal actions and resulting imprisonment. Thus, the court will grant Burkett's motion for an extension of time, but will provide no further extensions.

**III. Motion for Appointment of Counsel under 28 U.S.C. § 1915(e)(1)**

Burkett's current motion represents his third request for the appointment of counsel. Burkett filed his first motion on August 8, 2008. Magistrate Goodstein denied the motion based on Burkett's failure to make reasonable attempts to secure private counsel. Less than one month later, on September 8, 2008, Burkett filed a second motion to appoint counsel. This court denied the motion because Burkett appeared competent to try the case himself. On January 6, 2009, Burkett filed his most recent motion, captioned "Motion Seeking the Court's Assistance Under 28 U.S.C. § 1915(e)(1) in Recruiting a Volunteer." In his motion, Burkett asserts that appointment of counsel is necessary because recent institutional rule changes are

impeding the assistance Burkett previously received from another prisoner. Thus, he seeks the court's assistance in obtaining counsel.

Under 28 U.S.C. § 1915(e)(1), a district court may request an attorney to represent an indigent civil litigant. However, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *See e.g., Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). When considering a petitioner's request for the appointment of counsel, the court first determines whether the indigent made reasonable efforts to obtain counsel. *Jackson*, 953 F.2d at 1073. If the court is satisfied reasonable efforts have been made to obtain counsel, it must then consider the following non-exhaustive list of factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capacity of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Jackson*, 953 F.2d at 1072. This list aids a district court in evaluating whether denying a request for counsel will result in fundamental unfairness infringing on due process rights. *Id*. at 1071-72.

Burkett has minimally satisfied the requirement that he make reasonable efforts to obtain counsel. Therefore, the court turns to Burkett's claims and considers the applicable factors. Burkett files claims arising under 42 U.S.C. §§ 1983, 1985, 1986 and the R.I.C.O. statutes alleging "concerted criminal

misconduct on the part of State Government employees that cause the revocation and imprisonment of an innocent Afro-American citizen." (Am. Compl. ¶ 17). Burkett's claims arise from revocation of his parole based on a theft he allegedly committed. Burkett was later acquitted of this charge and reinstated on parole. However, prior to his reinstatement on parole, Burkett was confined for over 60 days. The period of confinement resulted in the loss of his apartment. Burkett now seeks payment of his attorneys fees and reimbursement for "monetary loss." (Am. Compl. ¶ 4).

Burkett further alleges that Sobecki conspired with her Department of Corrections ("DOC") supervisor and the DOC Parole Regional Chief to violate his constitutional rights. Burkett claims he was denied equal protection and due process "because he is a poor Afro-American, is a resident of Milwaukee County, and has a documented learning disability." (Am. Compl. ¶ 16).

After considering the list of factors for appointing counsel, the court will deny Burkett's request. First, a brief review of the merits of his claims indicates that appointment of counsel is not warranted at this point in the proceedings. First, the Wisconsin Division of Hearings and Appeals found cause for revoking his parole based on violations of "rules and/or conditions" of supervision, though it did not ultimately revoke him. (Compl., p. 61). Further, Burkett does not provide any basis in the complaint for his claims of discriminatory treatment or a conspiracy by Sobecki or the other DOC officials to illegally revoke his parole.

In addition, Burkett has competently represented himself thus far. As the court noted in its December 15, 2008 order: "[h]is complaint is well-organized and coherent. In addition, Burkett filed a First Request for Production of Documents, First Request for Admission, and First Set of Interrogatories that includes detailed and rational requests for specific information." (Docket #23, p. 3). This court does not find that denying Burkett's request will result in fundamental unfairness infringing on due process rights. Therefore, the court will deny Burkett's motion to appoint counsel without prejudice.

Accordingly,

**IT IS ORDERED** that Burkett's motion to amend his complaint (Docket #24) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Burkett's motion for an extension of time (Docket #29) be and the same is hereby **GRANTED**; **discovery** shall be completed by **April 28, 2009** and all **dispositive motions** shall be filed by **May 28, 2009.**

**IT IS FURTHER ORDERED** that Burkett's motion for appointment of counsel (Docket #25) be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 13th day of February, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge