# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

ANDRE BURKETT,

        Plaintiff,

v.                                                                  Case No. 08-CV-677

MARY SOBECKI and
WISCONSIN DEPARTMENT OF CORRECTIONS,

        Defendants.

_____

## ORDER

Plaintiff Andre Burkett ("Burkett") filed this action asserting claims against defendants Mary Sobecki ("Sobecki"), Burkett's Probation and Parole Agent, the Wisconsin Department of Corrections ("the DOC"), and various "John Doe" employees of the DOC, based on events surrounding the revocation of his parole. Burkett alleges that the defendants violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments when they revoked his state parole and held him for more than 60 days based on an alleged theft for which he was never convicted. The parties now file cross-motions for summary judgment. Based on the reasoning set forth below, the court will deny Burkett's motion for summary judgment and grant the defendants' motion.

## BACKGROUND

In 2000, Burkett was convicted of two counts of Theft-False Representation, one count of Theft-Written Lease, three counts of bail jumping, and one count of Take and Drive Vehicle Without Owner's Consent in three separate Wisconsin state

criminal cases. (Defendants' Proposed Findings of Fact ("DFOF") ¶¶ 3-5). He served time on these cases and was released from prison on December 13, 2005. (DFOF ¶ 5). After Burkett's release, Defendant Sobecki was assigned as his Probation/Parole Agent and was responsible for monitoring compliance with his Rules of Community Supervision. (Plaintiff's Proposed Findings of Fact ("PFOF") ¶ 5; DFOF ¶¶ 2, 6-7).

On August 22, 2007, Sobecki received notification from the Milwaukee Police Department that Burkett had committed an alleged theft by fraud. (DFOF ¶ 8). Sobecki's immediate supervisor instructed Sobecki to issue a warrant for Burkett's arrest. (Id. at ¶ 8). Six days later, on August 28, 2007, Burkett reported to Sobecki's office and was arrested and placed in the Milwaukee Secure Detention Center. (Id. at ¶ 9; PFOF ¶ 3).

Sobecki later received police reports of the alleged theft indicating that Burkett would not be charged by the District Attorney. (DFOF ¶ 10). However, on August 31, 2007, Burkett provided a statement admitting that he committed a violation of his rules of supervision by obtaining a painting job for cash, as well as admitting that he had a number of people in his employ and that he had checks made out to a third party. (Id. at ¶ 11). Because Burkett's activities and violations were theft-related and because he continued to engage in criminal behavior, Sobecki and her supervisor decided to proceed with revocation against Burkett. (Id. at ¶ 12).

Sobecki prepared an Order to Detain, which kept Burkett in custody during the investigation of his alleged violations of supervision. (DFOF at ¶ 14). She also prepared a Notice of Violation and Receipt and sent this document and an Outline of Revocation Procedures document to Burkett. (Id. at ¶ 15). These documents are meant to apprise an offender of the allegations against him and his rights during the revocation process. (Id.). Sobecki then completed and submitted a Revocation Hearing Request form and a Recommendation for Administrative Action form seeking revocation of Burkett on all three of his state criminal cases. (Id. at ¶¶ 18-19).

A final revocation hearing for Burkett was scheduled before an Administrative Law Judge (ALJ) for October 25, 2007. (DFOF ¶ 22). However, the hearing was rescheduled for November 6, 2007, because the victim was unavailable to testify on the original hearing date. (Id. at ¶ 23). The ALJ rendered a decision on November 13, 2007, finding that the period Burkett had spent in custody was sufficient to address the gravity of his rules violation. (Id. at ¶ 26). Burkett was released from custody on November 13, 2007. (Id.). No criminal charges were ever filed against Burkett regarding the alleged theft. (PFOF ¶ 6).

Burkett was in custody for more than 60 days during the pendency of his revocation proceedings. (PFOF ¶ 7). Because of his incarceration, Burkett lost his apartment and had to pay attorney's fees for his defense. (Id. at ¶ 8).

## LEGAL STANDARD

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and that the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Material facts" are those facts which "might affect the outcome of the suit," and a dispute about a material fact is "genuine" if a reasonable finder of fact could find in favor of the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate where a party has failed to make "a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23. A party opposing summary judgment may not rest upon the mere allegations or denials of the adverse party's pleading, but must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). Any doubt as to the existence of a material fact is to be resolved against the moving party. *Anderson*, 477 U.S. at 255. In considering cross-motions for summary judgment, the court is obliged to view all facts and draw all reasonable inferences in a light most favorable to the party against whom the motion under consideration is made. *Bassiouni v. F.B.I.*, 436 F.3d 712, 721 (7th Cir. 2006).

## ANALYSIS

Burkett asks the court to enter summary judgment on his behalf. In support of his motion for summary judgment, Burkett files a two-page supporting brief

-4-

Case 2:08-cv-00677-JPS   Filed 11/23/09   Page 4 of 8   Document 50

asserting only that the defendants deprived him "of his liberty unconstitutionally" and listing a number of case law citations. (Pl.'s Summ. J. Br. at 2). The defendants also ask the court to enter summary judgment in their favor. The defendants argue that the 76-day period Burkett spent in custody prior to his revocation hearing is *per se* reasonable and cannot constitute a violation of due process. Alternatively, and in addition, the defendants argue that the defendants are immune to claims brought pursuant to 42 U.S.C. § 1983.[1] This court agrees with the defendants' assessment.

Parole revocation does not deprive an individual of absolute liberty, but "only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrisey v. Brewer*, 408 U.S. 471, 480 (1972). However, the termination of that liberty still requires due process. *Id.* at 782. To comply with due process, an inquiry must be conducted to determine whether there is a reasonable ground to believe that the arrested parolee committed acts violating parole conditions. *Id.* at 485. This inquiry or hearing must occur within a "reasonable time" after the parolee is taken into custody. *Id.* at 488. To determine whether a particular period of delay in holding a parole revocation hearing violates a defendant's due process rights, a court balances the length of delay, the reason for the delay, the

---

[1] The court notes that Burkett's amended complaint states that he files his complaint "under 42 U.S.C. § 1983, 1985, 1986 and R.I.C.O. statutes." (Am. Compl. at 3). However, Burkett's motion for summary judgment states that he asserts only § 1983 claims. (*See* Docket #35). Further, Burkett does not state a claim under any statute other than 42 U.S.C. § 1983 because he fails to plead the necessary elements or facts to establish the existence of a conspiracy. *See Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (stating that a bare allegation of a conspiracy is not enough to state a claim and that a plaintiff must plead facts).

-5-

defendant's assertion of his right to a prompt hearing, and the prejudice suffered by the defendant. *United States v. Rasmussen,* 881 F.2d 395, 398 (7th Cir. 1989).

After balancing the relevant factors, the court concludes that the two and one-half month delay in Burkett's revocation hearing does not violate due process. The length of the delay is relatively innocuous, and constitutes a reasonable time period. *See Morrisey*, 408 U.S. at 488 (stating that a lapse of two months "would not appear to be unreasonable."); *Hanahan v. Luther*, 693 F.2d 629, 634-35 (7th Cir. 1982) (finding that a four-month delay was not *per se* unreasonable); *Love v. Sherrod*, 247 Fed. Appx. 35, 38-39 (7th Cir. 2007) (finding that a six-month delay did not violate due process). Additionally, the unavailability of a witness caused a 19-day delay in Burkett's revocation hearing. Without this obstacle, Burkett's hearing would have taken place within two months of his arrest.

Burkett also fails to show that he asserted his right to a prompt hearing or that the delay prejudiced his defense. Indeed, the only prejudice Burkett asserts is that during his incarceration he lost wages, he lost his apartment, and he incurred attorney's costs for his defense. However, there is no evidence that Burkett incurred these losses or expenses because of the *length of time* between Burkett's arrest and his revocation hearing, rather than because of the arrest itself. The court concludes that the delay in Burkett's revocation hearing did not violate his right to due process.

Regardless of the reasonableness of the delay, Burkett cannot maintain § 1983 claims against the defendants for additional reasons. First, the Wisconsin

-6-

Department of Corrections cannot be sued under 42 U.S.C. § 1983. *Witte v. Wis. Dep't of Corr.*, 434 F.3d 1031, 1036 (7th Cir. 2006). Second, Sobecki and other DOC employees involved in Burkett's case are entitled to qualified immunity. Qualified immunity shields a public official from liability when she acts in a manner reasonably believed to be lawful. *Gonzalez v. City of Elgin*, 578 F.3d 526, 540 (7th Cir. 2009). To determine whether a public official is entitled to qualified immunity from § 1983 liability, the court considers whether a constitutional right has been violated, and whether the right was clearly established at the time the official acted. *Baird v. Renbarger*, 576 F.3d 340, 344 (7th Cir. 2009). A plaintiff must defeat a defense of qualified immunity by demonstrating that: 1) the official's conduct violated his constitutional rights; and 2) that the violated right was clearly established at the time of the alleged misconduct. *Lewis v. Downey*, 581 F.3d 467, 478 (7th Cir. 2009). A plaintiff may show that a right was clearly established by presenting case law that has articulated the right at issue and applied the right to a similar factual circumstance. *Boyd v. Owen*, 481 F.3d 520, 526 (7th Cir. 2007). Alternatively, a right is clear when "reasonable persons would understand their conduct to be unconstitutional, or where the constitutional violation is so patently obvious that widespread compliance with the law has prevented the court from reviewing it." Id. at 526-27.

Burkett fails to cite any analogous case law establishing that Sobecki, or any other DOC employee, should have known his or her actions were unlawful. Further,

-7-

Case 2:08-cv-00677-JPS   Filed 11/23/09   Page 7 of 8   Document 50

the actions of the defendants in revoking Burkett's parole or delaying his revocation hearing do not constitute clear or "patently obvious" constitutional violations. Burkett admitted violating his rules of supervision. Thus, the decision to pursue revocation of Burkett's parole was not clearly unreasonable or made in knowing violation of the law. Further, the 76-day delay in Burkett's revocation hearing is within the range of delays found to be constitutional by other courts. Qualified immunity applies and an entry of summary judgment for the defendants is appropriate.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for summary judgment (Docket #35) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #39) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #45) be and the same is hereby **DENIED**.

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 23rd day of November, 2009.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge